```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DONNA ANDREW | : | CIVIL ACTION |
| 2936 Reisler Road | : | |
| Oxford, PA 19363 | : | NO: |
| | : | |
| VS. | : | |
| | : | |
| FORTIS, INC. | : | |
| One Chase Manhattan Plaza | : | |
| New York, NY 10005 | : | |
| | : | |
| AND | : | Jury Trial Demanded |
| | : | |
| FORTIS BENEFITS INSURANCE CO. | : | |
| 2323 Grand Boulevard | : | |
| Kansas City, MO 64108 | : | |

**COMPLAINT**

**PARTIES AND JURISDICTION**

1.   Plaintiff is an adult individual with an address at 2936 Reisler Road, Oxford, PA 19363.

2.   Defendant Fortis, Inc, is a financial services company with an address at One Chase Manhattan Plaza, New York, NY 10005, which upon information and belief plaintiff avers owns co-defendant Fortis Benefits Insurance Company.

3.   Defendant Fortis Benefits Insurance Company is an insurance company authorized to perform business within the Commonwealth of Pennsylvania which has an address at 2323 Grand Boulevard, Kansas City, MO 64108, which upon information and belief plaintiff avers is a wholly owned subsidiary of co-defendant Fortis, Inc.

4.   Upon information and belief, plaintiff avers that defendants are citizens of, and have their principal places of

business located in a state other than the Commonwealth of Pennsylvania.

5. This action is commenced pursuant to 28 U.S.C. Sec. 1332.

**COUNT I - BREACH OF CONTRACT
DONNA ANDREW VS. FORTIS, INC., AND
FORTIS BENEFITS INSURANCE CO.**

6. Paragraphs 1 through 5 are incorporated herein as if set forth at length.

7. At all times relevant hereto, plaintiff was an employee of American Telecast Corporation (hereinafter "ATC").

8. Pursuant to plaintiff's employment at ATC, she was insured under a group insurance policy issued by defendants, being Policy Number 73483, which policy is not in the possession of plaintiff.

9. The aforesaid insurance policy provided coverage for disability benefits under the terms and conditions of the policy.

10. For a certain time period prior to July 12, 1998, plaintiff was disabled and since July 12, 1998 she has continued to be disabled on a continual basis up to the current date.

11. Defendants paid plaintiff disability benefits in accordance with the policy until approximately July 12, 1998 at the rate of $1,375 per month.

12. After approximately July 12, 1998, defendants refused to pay plaintiff disability benefits despite plaintiff's continuous disability from that date until the current date and despite

plaintiff's entitlement to disability benefits under the policy.

13. Plaintiff has done and performed all things required of her under the policy in order to receive disability benefits.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, and requests that the Court enter an Order requiring defendants to pay plaintiff:

A. All past disability benefits from July 12, 1998 to the date of the filing of this Complaint at the rate of $1,375.00 per month, in the approximate total amount of $66,000;

B. All future disability insurance benefits from the date of filing this Complaint until such time that plaintiff's disability status changes and she is not entitled to receive disability benefits, at the rate of $1,375 per month;

C. Such further and additional relief as may be deemed fair and reasonable.

### COUNT II - BAD FAITH (42 Pa. C.S.A. Sec. 8371)
### DONNA ANDREW VS. FORTIS, INC., AND
### FORTIS BENEFITS INSURANCE CO.

14. Paragraphs 1 through 13 are incorporated herein as if set forth at length.

15. At all time relevant hereto, defendant owed plaintiff a duty of good faith and fair dealing with respect to the handling and resolution of any claim made by plaintiff for disability benefits under the aforesaid policy.

16. At all times relevant hereto defendant had an obligation to fairly and promptly evaluate plaintiff's claim for disability

benefits, and make a fair and reasonable offer to plaintiff to resolve said claims(s).

17. For the reasons set forth above, including but not limited to defendant's failure to pay disability benefits when due, defendant's failure to objectively and fairly evaluate the plaintiff's claim for disability benefits, defendant has violated the provisions of 42 Pa.C.S.A. Sec. 8371, for which the defendant is liable for interest on the claim from the date it was made in an amount equal to the prime rate of interest plus 3%, court costs and attorney fees, and punitive damages.

WHEREFORE, Plaintiff demands compensatory, consequential, and punitive damages from the defendants in an amount in excess of $75,000, plus interest, cost of court, attorney fees, or such other relief as this Court deems just and proper.

```
                                    _____
                                    RICHARD K. TEITELL, ESQUIRE
                                    Attorney for Plaintiff
                                    ID# 25428
                                    150 Monument Road, Suite 601
                                    Bala Cynwyd, PA 19004
                                    Tel: 610-668-6424
                                    Fax: 610-668-3664
```